BRADLEY D. PACK, SBA #023973
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004
———
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: bdp@eblawyers.com
———

Attorneys for Arizona Federal Credit Union

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| ROBERT L. MOSLEY, | Case No. 2:19-bk-06700-BKM |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

Arizona Federal Credit Union ("AZFCU"), by and through its counsel undersigned, hereby moves this Court for an order denying confirmation of the Chapter 13 Plan filed by the Debtor. This objection is filed pursuant to 11 U.S.C. § 1325 and is supported by the following Memorandum of Points and Authorities, exhibits attached hereto, as well as all of the papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  SUMMARY OF RELIEF REQUESTED

AZFCU requests the Court enter an order denying confirmation of the proposed Chapter 13 Plan ("Plan") filed by the Debtor. The Plan incorrectly represents the value of the vehicle securing the indebtedness owed to AZFCU, as more specifically detailed below.

### II.  FACTUAL BACKGROUND SUPPORTING AZFCU'S OBJECTION TO PLAN

#### A.  Facts.

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1325. Venue is proper in this Court pursuant to 28 U.S.C. § 1308. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(F).

2. The Debtor filed a voluntary petition commencing a Chapter 13 proceeding on May 30, 2019 (the "Filing Date") under Case No. 2:19-bk-06700-BKM.

B. **The Vehicle.**

3. On or about Aprl 29, 2011, the Debtor negotiated the purchase of a 2006 Mercedes E350, VIN #WDBUF56J36A870386 (the "Vehicle").

4. To finance the purchase of the Vehicle, the Debtor borrowed the sum of $19,767.62 from AZFCU. *See* the Note (as defined below).

5. To evidence this loan, on or about Aprl 29, 2011, the Debtor entered into a *"Closed-End Note, Disclosure, Loan and Security Agreement"* (the "Note") with AZFCU. A copy of the Note is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

6. As security for the Note and the indebtedness evidenced thereby, the Debtor granted AZFCU a security interest in the Vehicle to secure the money advanced thereunder. *See* Exhibit "A."

7. Pursuant to the terms of the terms of the Note, the Debtor agreed to make monthly payments and to pay accruing interest on the principal amount of the Note.

8. The principal amount due and owing to AZFCU under the Note as of the Filing Date was $10,995.24, together with interest through the Filing Date in the amount of $2,542.16, together with accruing interest, late charges and attorneys' fees.

C. **The Proposed Plan Treatment of the Claim Filed by AZFCU.**

9. The Debtor has proposed a Plan duration of 60 months.

10. Under the Plan, the Debtor has estimated the balance owed under the Note at $12,081.00.

11. The Plan proposes that the Debtor shall continue to use the Vehicle and pay AZFCU a secured amount of $1,400.00, with interest accruing thereon at the rate of 5.25% per annum. The remaining balance is listed by the Debtor as unsecured.

/ / /

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

12. The value of the Vehicle is no less than $5,894.00, pursuant to the information contained in the Kelley Blue Book wholesale/retail breakdown. A copy of the Kelley Blue Book valuation for the Vehicle is attached hereto as **Exhibit "B"** and by this reference incorporated herein. The value of $5,894.00 is determined by using the retail value listed for the Vehicle adjusted for mileage, equipment and condition (to the best of AZFCU's knowledge).

### III. <u>AUTHORITY SUPPORTING AZFCU'S OBJECTION TO PLAN CONFIRMATION</u>

#### A. <u>The Plan Does Not Properly Value the Vehicle.</u>

The Vehicle is incorrectly valued by the Debtor in his Plan. Section 506(a) of the Bankruptcy Code governs the valuation of allowed claims in bankruptcy cases. The current version of § 506(a) was substantially amended as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109-8, 119 Stat. 23 (2005). In full, § 506(a) provides as follows:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>
> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

Most courts interpreting this new section of § 506 conclude that replacement value starts with the retail valuation under the Kelley Blue Book or N.A.D.A. Guide, with

adjustments made for mileage, condition, equipment, etc. *See, e.g., In re Morales*, 387 B.R. 36, 45 (Bankr. C.D. Cal., 2008) (using the Kelley Blue Book or N.A.D.A. Guide for retail value less adjustments); *In re Cheatham,* No. 07-40509-13-abf, 2007 WL 2428046, at *3 (Bankr. W.D. Mo. June 19, 2007) (calculating retail value of car by reducing the N.A.D.A. Guide retail value by 5%); *In re Coleman,* 373 B.R. 907, 912-913 (Bankr. W.D. Mo. 2007) (decision by the same court as *In re Cheatham,* following its earlier decision); *In re Carlson,* No. 06-40402, 2006 WL 4811331, at *23 (Bankr. W.D. Wash. Dec. 8, 2006) (calculating retail value of mobile home under § 506(a)(2) in reliance on N.A.D.A. Guide retail value).

Instead of a value of $1,400.00 for the Vehicle, AZFCU has provided a Kelley Blue Book valuation that evidences a more accurate replacement valuation of the Vehicle as $5,894.00. As a consequence of the failure by the Debtor to accurately set forth valuation for the Vehicle in the Plan, the Plan does not comply with the requirements of 11 U.S.C. § 1325(a)(5) in that it does not provide AZFCU with a lien on the entire secured amount.

### IV. CONCLUSION

The Plan cannot be confirmed as proposed pursuant to the requirements of 11 U.S.C. § 1325. The Debtor has improperly valued the Vehicle.

For the foregoing reasons, AZFCU respectfully requests that the Court enter an order denying confirmation of the Plan proposed by Debtor.

**DATED** this 15th day of July 2019.

**ENGELMAN BERGER, P.C.**

By */s/ Bradley D. Pack – SBA #023973*
Bradley D. Pack
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 850004
Attorneys for Arizona Federal Credit Union

/ / /

/ / /

/ / /

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

1   **COPY** of the foregoing mailed this 15th day
2   of July 2019 to:
3   Charles M. Leftwich, Jr.
    Charles M. Leftwich, Esq.
4   9225 E. Milagro Ave.
    Mesa, AZ 85205-1116
5   Attorneys for Debtor

6   Russell Brown
    3838 N. Central Ave., Suite 800
7   Phoenix, Arizona 85012-1965
    Chapter 13 Trustee
8

9
         */s/ Paul A. Manley*
10

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004